UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| CARY AND JANIE HILL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC, )<br>)<br>Defendant. ) | Case No.  16-397 |

## PLAINTIFF'S COMPLAINT

Plaintiffs, CARY AND JANIE HILL ("Plaintiffs") file this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of OCWEN LOAN SERVICING, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Gulf Shores, Baldwin County, Alabama.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiffs are residents of Gulf Shores, Baldwin County, Alabama.

6. Defendant is a limited liability company based in West Palm Beach, Florida.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiffs filing this Complaint, Defendant called Plaintiffs' cellular telephones xxx-xxx-3711 and xxx-xxx-6078 to collect on Plaintiffs' alleged debt.

8. All of the telephone calls Defendant made to Plaintiffs were an attempt to collect on Plaintiffs' alleged debt.

9. None of the calls Defendant made to Plaintiffs were for an emergency purpose.

10. Within four (4) years of Plaintiffs filing this Complaint, Defendant called Plaintiffs' cellular telephones from the following telephone number: 800-746-2936.

11. The following telephone numbers are Defendant's phone numbers: 800-746-2936.

12. On or about June 19, 2016, Plaintiffs requested Defendant stop calling Plaintiffs' cellular telephones.

13. Despite Plaintiffs' request that Defendant stop calling Plaintiffs' cellular telephones, Defendant continued to call Plaintiffs' cellular telephones.

14. On June 24, 2016, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiffs' cellular telephones.

15. Despite receiving the letter from Agruss Law Firm, LLC, dated June 24, 2016, Defendant continued to call Plaintiffs' cellular telephones.

16. Prior to calling Plaintiffs' cellular telephones, Defendant knew the numbers were cellular telephone numbers.

17. All of the calls Defendants made to Plaintiffs' cellular telephones resulted in Plaintiffs

incurring a charge for incoming calls.

18. During at least one conversation, Defendant learned that Plaintiffs wanted Defendant to stop calling Plaintiffs' cellular telephones.

19. Even if at one point Defendant had permission to call Plaintiffs' cellular telephones, Plaintiffs revoked this consent.

20. Defendant continued to call Plaintiffs' cellular telephones after Defendant knew Plaintiffs wanted the calls to stop.

21. Within 4 years of Plaintiffs filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiffs' cellular telephones.

22. Within 4 years of Plaintiffs filing this Complaint, Defendant called Plaintiffs' cellular telephones in predictive mode.

23. Within 4 years of Plaintiffs filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiffs on Plaintiffs' cellular telephones.

24. Within 4 years of Plaintiffs filing this Complaint, Defendant left voicemail messages from live operators for Plaintiffs on Plaintiffs' cellular telephones.

25. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to store telephone numbers.

26. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers automatically.

27. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers without human intervention.

28. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers in sequential order.

29. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers randomly.

30. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

31. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones simultaneously calls multiple consumers.

32. While Defendant called Plaintiffs' cellular telephones, Plaintiffs' cellular telephone lines were unavailable for legitimate use during the unwanted calls.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

33. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, CARY AND JANIE HILL, respectfully request judgment be entered against Defendant, OCWEN LOAN SERVICING, LLC for the following:

34. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

35. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiffs are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

36. Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct in the future.

37. Any other relief that this Honorable Court deems appropriate.

                                                           RESPECTFULLY SUBMITTED,

DATED: July 28, 2016         By: /s/ M. Brandon Walker
                                           M. Brandon Walker
                                           Walker McMullan, Attorneys
                                           242 West Valley Avenue, Suite 312
                                           Birmingham, AL 35209
                                           Tel: 205-417-2541
                                           E-mail: brandon@walkermcmullan.com
                                           Attorney for Plaintiffs